b

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| LAKESHA COOPER, Plaintiff | CIVIL DOCKET NO. 3:24-CV-01415 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| FAMILY DOLLAR STORES OF LOUISIANA L L C, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

---

## MEMORANDUM ORDER

Before the Court is a Motion to Compel Depositions filed by Plaintiff Lakesha Cooper ('Cooper').  ECF No. 30.  Defendant Family Dollar Stores of Louisiana LLC ('Family Dollar') has not filed a response.[1]

Because the requested depositions are relevant and proportional, **IT IS ORDERED** that Cooper's Motion to Compel (ECF No. 30) is **GRANTED**.  William Storm, Mikiesha Jones, and Sharlita Marles are hereby **ORDERED** to appear for their depositions at a mutually agreeable location at a date and time to be set by the parties.

## I.    Background

This is a slip and fall case.  ECF No. 1-4.  Between July 19-21, 2025, Cooper caused a subpoena to be served on William Storm, Mikiesha Jones, and Sharlita

---

[1] While Family Dollar did not file a formal opposition, Family Dollar addressed the Motion to Compel in its reply to its pending Motion for Summary Judgment. *See* ECF No. 44. The Court has considered those arguments.

Marles (collectively 'former employees'), commanding them to appear for a deposition scheduled on September 17, 2025.  ECF Nos. 30-3 at 6-9, 30-4 at 6-9, & 30-5 at 6-9. Each of the former employees failed to appear for the deposition.  ECF No. 30-3 at 4, 30-4 at 4, & 30-5 at 4.

On July 23, 2025, Family Dollar moved for summary judgment.  ECF No. 21. Cooper opposed the motion, arguing in part that the motion should be denied as premature because she had been unable to depose the former employees.  ECF No. 23.  On September 22, 2025, the Court dismissed without prejudice Family Dollar's Motion for Summary Judgment in order "to allow additional discovery," including "depositions of the former Family Dollar employees who worked on July 3, 2023." ECF No. 29 at 7.

The next day, Cooper filed the instant Motion to Compel, moving the Court to compel the former employees to appear for a deposition.  ECF No. 30.  That motion did not contain a certification that Cooper complied with Local Rule 37.1 and was marked deficient.  ECF No. 31.  The notice of deficiency was subsequently withdrawn. *Id.* Approximately a month later, the Court mistakenly mooted the Motion to Compel, citing the previously withdrawn deficiency notice.  ECF No. 33.  That order was vacated, and the motion was reopened.  *Id.*

On January 9, 2026, Family Dollar renewed its Motion for Summary Judgment.  ECF No. 34.  In her opposition, Cooper again argues the motion should be denied as premature because she has not been able to depose the former employees.  ECF No. 43.  In its reply to the Motion for Summary Judgment, Family

2

Dollar argues Cooper failed to file the required Local Rule 37-1 certification.  ECF No. 44 at 2-3.  Family Dollar additionally argues that "the Motion to Compel was the incorrect procedural device to obtain the depositions of former employees," and Cooper should have instead filed "a Motion to Contempt." *Id.* at 3.

This matter is now ripe for disposition.

## II.    Law and Analysis

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery.  It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Federal Rule of Civil Procedure 37 allows a discovering party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).  "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2020 WL 1866075, at *1 (E.D. Tex. Apr. 14, 2020).  "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Federal Rule of Civil Procedure 37 mandates that a movant's motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery

in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *See Dean v. Akal Security, Inc.*, 18-CV-00033, 2019 WL 1549017, at *3 (W.D. La. 2019) (citing *Cottonham v. Allen*, 14-CV-729, 2016 WL 4035331, at *2 (M.D. La. 2016); *Shaw Group Inc. v. Zurich American Insurance Co.*, 12-CV-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014)). However, where a Rule 37.1 conference would be futile, courts have found that a failure to submit a Rule 37.1 certification was not dispositive. *See e.g., Robinson v. La Dock Co.*, No. 99-CV-1996, 2000 WL 1059860, at *3 (E.D. La. Aug. 1, 2000).

Here, neither party disputes that Cooper did not attach a formal Rule 37.1 certification to her motion. Nevertheless, the Court finds that the facts at bar disfavor denying Cooper's motion on this basis. Cooper is not compelling Family Dollar to produce or do anything, and requiring Cooper to confer with Family Dollar in these circumstances would be futile. Further, while Cooper has technically not shown that she conferred with the former employees regarding the depositions, their nonappearances likewise suggest conferring would have been futile. As Cooper aptly notes, "[r]equiring conferral in this scenario serves no practical purpose and merely delays justice." ECF No. 43 at 11. Therefore, the Court shall consider the merits of her Motion to Compel.

Cooper has shown that the discovery sought falls within the scope of permissible discovery. The depositions seek relevant information, including testimony that may be "relevant to material issues of fact with respect to whether

Family Dollar had constructive notice of the presence of the substance on which Plaintiff slipped, and how she will be able to show that Defendant should have had knowledge of its presence prior to the accident." ECF No. 30-1 at 3. Further, it does not appear that the discovery sought is overly broad or otherwise unduly burdensome or oppressive. Accordingly, her Motion to Compel should be granted.

## III.    Conclusion

Because the requested depositions are relevant and proportional, **IT IS ORDERED** that Cooper's Motion to Compel (ECF No. 30) is **GRANTED**. William Storm, Mikiesha Jones, and Sharlita Marles are hereby **ORDERED** to appear for their depositions at a mutually agreeable location at a date and time to be set by the parties.

SIGNED on Monday, February 23, 2026.


JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE